IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

-----------------------------------------------------x
AMERICAN BROTHERHOOD
FOR THE BLIND D/B/A AMERICAN
ACTION FUND FOR BLIND
CHILDREN AND ADULTS

                Plaintiff,                                              Civil Action No.

    v.

YOUNG AMERICANS FOR
LIBERTY, INC.

                Defendant.
-----------------------------------------------------x

## COMPLAINT

Plaintiff American Brotherhood for the Blind d/b/a American Action Fund for Blind Children and Adults ("Plaintiff"), by and through its undersigned counsel, for its complaint against Defendant Young Americans for Liberty, Inc. ("Defendant"), hereby alleges and states the following:

## NATURE AND BASIS OF ACTION

1. This is an action to stop Defendant's infringement, unfair competition, cybersquatting, and false designation of origin based upon Defendant's unauthorized use of the name and mark "American Action Fund," in violation of Plaintiff's prior rights in the trademarks AMERICAN ACTION FUND and AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS. Defendant's conduct violates Sections 32, 43(a), and 43(d) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a), as well as Virginia's common law of unfair competition.

2. Plaintiff seeks immediate injunctive relief; actual damages; statutory damages; punitive damages; and recovery of Plaintiff's costs and reasonable attorneys' fees incurred in connection with this action due to Defendant's willful, unlawful acts.

## THE PARTIES

3. Plaintiff American Brotherhood for the Blind d/b/a American Action Fund for Blind Children and Adults is a Maryland corporation located and doing business at 1800 Johnson Street, Baltimore, Maryland, 21230.

4. Upon information and belief, Defendant Young Americans for Liberty, Inc. is a Virginia corporation located and doing business at 500 N. Capital of Texas Hwy, The Reserve Office Park, Bldg. 5, Unit 100, Austin, Texas, 78746.

## JURISDICTION

5. This Court has subject matter jurisdiction over Plaintiff's Lanham Act claims pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and 28 U.S.C. §§ 1331 and 1338. The Court also has supplemental jurisdiction over Plaintiffs' state and common law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims against Defendant occurred in this District.

7. This Court has personal jurisdiction over Defendant because Defendant is incorporated in Virginia and conducts political advocacy activities in the Commonwealth of Virginia. Additionally, Defendant has committed tortious acts within the Commonwealth of Virginia that serve as the basis for Plaintiff's causes of action asserted herein.

## PLAINTIFF'S AMERICAN ACTION FUND MARKS

8. Plaintiff is a national service agency that specializes in providing help to blind Americans that is not readily available from government programs or other existing service systems.

9. Plaintiff was established in 1919, and began using the name and mark AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS in October of 1990. This name and mark is often shortened to AMERICAN ACTION FUND, both by Plaintiff and among consumers and the general public.

10. Plaintiff provides braille books to blind children, distributes braille calendars, provides specialized appliances to the blind, consults with and offers advice to governmental and private agencies serving the blind, educates the public regarding blindness, grants scholarships to blind students, and raises funds to support the above activities. The above services are hereinafter collectively referred to as "Plaintiff's Services."

11. Plaintiff has used the marks AMERICAN ACTION FUND and AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Marks (hereinafter "Plaintiff's AMERICAN ACTION FUND Marks" or "the AMERICAN ACTION FUND Marks") in connection with its services continuously and without interruption since at least as early as October of 1990.

12. Plaintiff's AMERICAN ACTION FUND Marks are inherently distinctive.

13. As a result of Plaintiff's longstanding and substantially exclusive use of its AMERICAN ACTION FUND Marks, the number of persons who have received or benefitted from Plaintiff's Services provided under the AMERICAN ACTION FUND Marks, Plaintiff's advertising and promotion of the AMERICAN ACTION FUND Marks, the widespread unsolicited

3

media coverage of the AMERICAN ACTION FUND Marks, consumers throughout the United States have come to recognize Plaintiff's AMERICAN ACTION FUND Marks and to associate them exclusively with Plaintiff in connection with Plaintiff's services and related services.

14. Plaintiff enjoys a very high reputation and level of goodwill among relevant consumers throughout Virginia and the United States in connection with Plaintiff's AMERICAN ACTION FUND Marks and Plaintiff's Services offered under Plaintiff's AMERICAN ACTION FUND Marks.

15. In addition to its extensive common law rights, Plaintiff is the owner of U.S. Service Mark Registration No. 1,731,809 for the mark AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS in connection with "association services, namely, promoting the general interests of the blind" in International Class 42. This registration is valid, subsisting, and incontestable pursuant to 15 U.S.C. §1065. A copy of the Certificate of Registration for this mark is attached hereto as Exhibit 1.

**DEFENDANT'S UNLAWFUL CONDUCT**

16. Upon information and belief, Defendant is a political fundraising and activism organization based in Austin, Texas.

17. Upon information and belief, in or around January of 2024, Defendant began using the name and mark "American Action Fund" in connection with political fundraising and advocacy services.

18. Defendant uses the "American Action Fund" name and mark to support and advocate for political candidates who espouse what Defendant refers to as "pro-liberty" positions, such as anti-gun control, pro-school choice, and anti-vaccine mandate positions.

19. Defendant maintains a web site at www.americanactionfund.org, on which it promotes the services offered under the "American Action Fund" name and mark.

20. Defendant states on its web site that it "focuses its efforts to pass liberty legislation in states where transformational victories are possible." Defendant's web site lists 36 states as "target states" on its web site, including Virginia. Defendant divides its target states into "Tier I," "Tier II," and "Battleground" states.

21. Defendant also maintains social media pages on which it promotes the services offered and provided under the "American Action Fund" name and mark, including Instagram, Facebook, Twitter, and YouTube pages.

22. Defendant has distributed door hangers and flyers to voters in key states and districts to promote candidates who support the policies favored by Defendant. These materials prominently display the wording "Paid for by American Action Fund." An example of one of the door flyers is below:



23. Defendant is not in any way associated with Plaintiff.

24. Plaintiff has not authorized or licensed Defendant to use Plaintiff's AMERICAN ACTION FUND Marks, nor to associate itself with Plaintiff in any way.

25. Defendant's unauthorized use of the "American Action Fund" name and mark has caused actual consumer confusion. Several donors and supporters of Plaintiff have contacted

Plaintiff after seeing the political advocacy materials distributed by Defendant and asked why Plaintiff is supporting the candidates and/or policies advocated for in Defendant's materials.

26. Plaintiff's counsel sent a letter to Defendant on February 21, 2024, advising Defendant of Plaintiff's prior rights in Plaintiff's AMERICAN ACTION FUND Marks, and requesting that Defendant cease its use of the "American Action Fund" name and mark and transition to a new name and mark that is not confusingly similar to Plaintiff's AMERICAN ACTION FUND Marks. A copy of the letter is attached as Exhibit 2.

27. After numerous reminders, Defendant's counsel responded to the letter on August 1, 2024 via e-mail and stated that Defendant would not comply with Plaintiff's requests.

28. Upon information and belief, Defendant has and is continuing to offer and provide political advocacy and fundraising services in interstate commerce throughout the United States under the "American Action Fund" name and mark, with full knowledge of Plaintiff's objections.

29. Defendant's "American Action Fund" name and mark is virtually identical to Plaintiff's previously used and registered AMERICAN ACTION FUND Marks.

30. Defendant's political advocacy and fundraising services are closely related to Plaintiff's Services, and consumers would expect these types of services to be offered by the same organizations.

31. Defendant's political advocacy and fundraising services are offered and provided through the same channels of trade as Plaintiff's Services.

32. Upon information and belief, Defendant adopted and is using the "American Action Fund" name and mark name and mark with actual and constructive knowledge of Plaintiff's prior rights in Plaintiff's AMERICAN ACTION FUND Marks, and with the intent to mislead and

confuse consumers into believing that Defendant's services are provided by, authorized by, or associated with Plaintiff.

## COUNT I

### TRADEMARK INFRINGEMENT IN VIOLATION OF SECTION 32 OF THE LANHAM ACT, 15 U.S.C. § 1114

Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 32 of this Complaint, and incorporates them herein by reference.

33. Plaintiff is the owner of U.S. Reg. No. 1,731,809 for the mark AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS.

34. Defendant is using the name and mark "American Action Fund," which is a colorable imitation of Plaintiff's registered AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Mark, in interstate commerce in connection with financial services.

35. Plaintiff began using Plaintiff's AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Mark in commerce long before Defendant's first use of the "American Action Fund" name and mark.

36. Defendant's unauthorized use of the "American Action Fund" name and mark in commerce in connection with the offering, advertisement, marketing, sale, and provision of Defendant's services is likely to cause confusion, cause mistake, and/or deceive prospective or actual customers and other members of the public.

37. Upon information and belief, Defendant's purpose in using the infringing marks was and is to deceive, mislead and confuse customers, so as to trade on the substantial reputation and goodwill enjoyed by Plaintiff in connection with Plaintiff's AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Mark.

38. Defendant's adoption and unauthorized use of the infringing "American Action Fund" name and mark infringes Plaintiff's exclusive rights in its federally registered AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Mark in violation of Section 32, 15 U.S.C. § 1114, of the Lanham Act.

39. Defendant's acts of infringement as alleged herein have caused, are causing, and will continue to cause irreparable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

40. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringement of Plaintiff's AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS Mark, as well as monetary damages to redress the harm caused by Defendant's infringing acts, including but not limited to actual damages, Defendant's profits, attorneys' fees, and costs.

41. Defendant's infringing acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiff to recover additional damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT II

### UNFAIR COMPETITION IN VIOLATION OF
### SECTION 43(a) OF THE LANHAM ACT, 15 U.S.C. § 1125(a)

Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 41 of this Complaint, and incorporates them herein by reference.

42. Plaintiff has used Plaintiff's AMERICAN ACTION FUND Marks in connection with Plaintiff's Services and related services in interstate commerce in the United States continuously and without interruption since at least as early as October of 1990.

43. Plaintiff's AMERICAN ACTION FUND Marks are highly distinctive indicators of source that are exclusively associated with Plaintiff.

44. Plaintiff has advertised and promoted Plaintiff's AMERICAN ACTION FUND Marks and the services offered thereunder for many years throughout the United States.

45. Plaintiff has developed significant consumer recognition and goodwill in Plaintiff's AMERICAN ACTION FUND Marks.

46. Defendant is currently using the name and mark "American Action Fund" name and mark in connection with political advocacy services and fundraising services in interstate commerce.

47. Defendant adopted and began using its "American Action Fund" name and mark in connection with political advocacy and fundraising services long after Plaintiff began using Plaintiff's AMERICAN ACTION FUND Marks, and long after Plaintiff's AMERICAN ACTION FUND Marks became distinctive.

48. Defendant's "American Action Fund" name and mark is a colorable imitation of Plaintiff's AMERICAN ACTION FUND Marks.

49. Defendant's use of the "American Action Fund" name and mark in connection with financial services is likely to cause confusion, or to cause mistake, or to deceive as to the source, origin, sponsorship or approval of Defendant, its services, and/or its commercial activities by or with Plaintiff, and therefore constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50. Defendant's acts of infringement and unfair competition as alleged herein have caused, are causing, and will continue to cause irreparable injury and harm to Plaintiff's business, reputation, and goodwill, unless Defendant's unlawful conduct is enjoined by this Court.

51. Pursuant to 15 U.S.C. §§ 1116 and 1117, Plaintiff is entitled to preliminary and permanent injunctive relief against Defendant's infringing acts, as well as damages for Defendant's Lanham Act violations.

52. Plaintiff is entitled to recover all damages sustained by Defendant's actions, all profits realized by Defendant through Defendant's infringing use of the "American Action Fund" name and mark, and its costs incurred in this action.

53. Defendant's acts are willful, wanton and calculated to deceive, and are undertaken in bad faith, making this an exceptional case entitling Plaintiffs to recover additional damages and its reasonable attorney fees pursuant to 15 U.S.C. § 1117.

## COUNT III

### CYBERSQUATTING IN VIOLATION OF SECTION 43(D) OF THE LANHAM ACT, 15 U.S.C. § 1125(D)

Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 53 of this Complaint, and incorporates them herein by reference.

54. Upon information and belief, Defendant is the owner of the domain name americanactionfund.org.

55. Defendant is using the domain name americanactionfund.org to promote its services provided under the "American Action Fund" name and mark.

56. Defendant's americanactionfund.org domain name is identical and/or confusingly similar to Plaintiff's AMERICN ACTION FUND Marks.

57. Defendant registered and is using the americanactionfund.org domain name with the bad faith intent to profit from Plaintiff's AMERICAN ACTION FUND Marks.

58. By virtue of its bad faith registration and use of the americanactionfund.org domain name, Defendant has engaged in and is engaged in cybersquatting in violation of the Lanham Act, 15 U.S.C. § 1125(d).

59. Plaintiff is entitled to permanent injunctive relief, an order transferring the americanactionfund.org domain name to Plaintiff, statutory damages in the amount of $100,000 per domain name, and attorney fees pursuant to Section 35(a) of the Lanham Act

## COUNT IV

## VIRGINIA COMMON LAW UNFAIR COMPETITION

Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 59 of this Complaint, and incorporates them herein by reference.

60. By the acts aforesaid, Defendant engaged, and is engaged, in common law unfair competition under the law of the Commonwealth of Virginia.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1. For an order permanently enjoining Defendant and his officers, shareholders, partners, principals, agents, assignees, beneficiaries, successors, licensees, distributors, attorneys, proxies, alter egos, aliases, and all other persons acting in concert with Defendant collectively or individually, from:

    (a) using the "American Action Fund" name and mark or any other name or mark that incorporates, imitates, or is confusingly similar to Plaintiff's AMERICAN

ACTION FUND Marks for any product or service, or in any letterhead, sign, website, flyer, door hanger, advertising or promotion, e-mail or other document, either in print, broadcast, electronic or other form, either separately or compositely with other words;

(b) registering or using as a trade name, trademark, service mark, Internet domain name, or portion thereof, any name or term that incorporates, imitates, or is confusingly similar to Plaintiff's AMERICAN ACTION FUND Marks;

(c) infringing on Plaintiff's AMERICAN ACTION FUND Marks, including all written and spoken terms equivalent or confusingly similar thereto;

(d) using Plaintiff's AMERICAN ACTION FUND Marks, or any other name or mark confusingly similar thereto, as a corporate and/or trade name and/or fictitious name or portion thereof;

(e) making representations, directly or indirectly, to anyone, anywhere, by any means, including but not limited to unauthorized co-branding, that Defendant is related to, associated or affiliated with, or sponsored, endorsed or approved by Plaintiff;

(f) unfairly competing with Plaintiff in any manner.

2. For an order holding that Defendant's acts described in this Complaint constitute a violation of the Anticybersquatting Consumer Protection Act ("ACPA"), Pub. L. No. 106-113, 113 Stat. 1501 (1999), codified at Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); federal unfair competition, misrepresentation and false designation of origin in violation of Section 43(a)

of the Lanham Act, 15 U.S.C. § 1125(a); unfair competition and fraud under the common law of the Commonwealth of Virginia.

3. For an order transferring Defendant's americanactionfund.org domain name, and any other domain names owned by Defendant containing "American Action Fund," or confusingly similar to Plaintiff's AMERICAN ACTION FUND Marks, to Plaintiff.

4. For an order directing Defendant to file with this Court and serve upon Plaintiff within thirty (30) days after service of the injunction, a report in writing, under oath, setting forth in detail the manner and form in which Defendant has complied with, and will continue to comply with, the injunction and further orders of this Court.

5. For an accounting of profits pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

6. For lost profits and damages in such amount as may appear appropriate following a trial on the merits, pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

7. For statutory damages in the amount of $100,000 per domain name, pursuant to 15 U.S.C. § 1125(d)(1)(c).

8. For treble damages pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. § 1117(a).

9. For costs and attorney fees pursuant to Section 35(a) of the Lanham Act, 15 U.S.C. §1117(a).

10. For such other and further relief as the Court may deem just and proper.

Dated: <u>October 24, 2024</u>

                                            Respectfully submitted,

                                            AMERICAN BROTHERHOOD FOR THE BLIND D/B/A AMERICAN ACTION FUND FOR BLIND CHILDREN AND ADULTS

                                            By: <u>/s/ Bryce J. Maynard</u>

                                            Bassam N. Ibrahim
                                            Bryce J. Maynard
                                            BUCHANAN INGERSOLL & ROONEY PC
                                            1737 King Street, Suite 500
                                            Alexandria, Virginia 22314
                                            Tel.:   (703) 836-6620
                                            Fax:   (703) 836-2021
                                            bassam.ibrahim@bipc.com
                                            bryce.maynard@bipc.com

                                            *Attorneys for Plaintiff*